NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0385n.06

No. 16-6316

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 30, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| J.B.F., by and through his guardian and next friend, Marilyn Stivers, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| KENTUCKY DEPARTMENT OF EDUCATION, KENTUCKY SCHOOL FOR THE DEAF, and SCOTT HAUN, | ) ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE:    DAUGHTREY, MOORE, and KETHLEDGE, Circuit Judges.

PER CURIAM. Plaintiff J.B.F. was a student at the Kentucky School for the Deaf when a staff member found him engaged in sexual acts with his roommate, another male student, in the bathroom of their dormitory suite. Initially, J.B.F told school authorities that the encounter was consensual, but after his aunt and guardian, Marilyn Stivers, found out about the incident, she filed suit on his behalf in state court. The thrust of the complaint was that J.B.F. had been the victim of a state-created danger when the defendants negligently exposed him to a "known sexual deviant"—his roommate—resulting in a situation that the staff had not been adequately trained to deal with. The case was removed to federal court by the defendants, who then filed a motion for summary judgment on all claims: violation of equal protection under 42 U.S.C. § 1983, negligence, negligent training and supervision, and intentional infliction of emotional distress. The district court granted summary judgment on all four claims and denied the

plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  It is the denial of the Rule 59(e) that is now before us on appeal.  We agree with the district court that the motion was properly denied.

As the district court pointed out, citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005):  "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  The district court also emphasized that a Rule 59(e) motion cannot be used to "relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008), or "to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Finally, as the district court also pointed out, the motion before it "exclusively rehashe[d] misguided and failed summary judgment arguments and regurgitate[d] rejected case theories," thus constituting sufficient reason to deny the motion outright.

Nevertheless, the district court analyzed the issues raised in the motion to prove the point. First, the district court rebuffed the plaintiff's claim that, in granting summary judgment, the court had overlooked various disputes of material fact.  In the Rule 59(e) motion, the plaintiff attacked the district court's finding that the school had conducted an investigation into the incident in question, arguing that there was no evidence of an investigation in the record.  But, as the court noted, the plaintiff had submitted a letter from defendant Haun that explicitly acknowledged an "investigation of the reported incident."  Next, the court declined to review evidence concerning the roommate's alleged propensity to commit violence that, according to the plaintiff, was "inadvertently not attached" to his motion for summary judgment.  It was, the court said, "newly submitted" rather than "newly discovered" evidence.  The district court also

found the evidence irrelevant because none of it "involved sexually assaultive behavior" that would have put the school on notice of a need to protect J.B.F. from a potential sexual assault and, thus, would not have affected the grant of summary judgment to the defendants. The plaintiff also took issue with the district court's alleged "determination that the sexual acts were consensual." However, the record establishes that in evaluating the evidence in the light most favorable to the plaintiff when granting summary judgment to the defendants, the court had assumed that "the interaction was non-consensual."

In addition to challenging the factual basis for the district court's determinations, the plaintiff also argued that the court committed errors of law, for example, in failing to consider the state-created danger doctrine of *McQueen v. Beecher Community Schools*, 433 F.3d 460 (6th Cir. 2006). But, the district court had reviewed the *McQueen* case and found it inapposite because it utilized a due-process analysis, while the plaintiff "*solely* made Equal Protection constitutional claims." The record also fails to support the plaintiff's argument about federal and state immunity because it was one which the district court had already rejected. Finally, the plaintiff challenged the district court's ruling on the negligence claim, arguing that the court "failed to adequately consider the special relationship doctrine" and its corresponding "affirmative duty to act to protect [a] person who is not able to protect himself" because of disabilities like J.B.F.'s. However, the record establishes that the court explicitly applied the "affirmative duty standard" requested by J.B.F. but dismissed the negligence claim because the incident in question, viewed in the light most favorable to the plaintiff, simply was not foreseeable and, therefore, created no affirmative duty on the defendants to prevent it.

Finding no error in the district court's denial of the plaintiff's Rule 59(e) motion, we AFFIRM.